SECTION 00520

AGREEMENT

THIS AGREEMENT is by and between **_VILLAGE OF NEW GLARUS, WISCONSIN_**

(hereinafter called OWNER) and **_HUML CONTRACTORS, INC._**

(hereinafter called CONTRACTOR).

OWNER and CONTRACTOR, in consideration of the mutual covenants set forth herein, agree as follows:

Article 1. WORK

1.01 CONTRACTOR shall complete all Work as specified or indicated in the Contract Documents. The Work is generally described as follows:

**_SECOND STREET RECONSTRUCTION-SIXTH AVENUE TO TENTH AVENUE_**

Article 2. THE PROJECT

2.01 The Project for which the Work under the Contract Documents may be the whole or only a part is generally described as follows:

**_CONTRACT 2-2008_**

Article 3. ENGINEER

3.01 The Project has been designed by Strand Associates, Inc.® (hereinafter called ENGINEER), who is to act as OWNER's representative, assume all duties and responsibilities, and have the rights and authority assigned to ENGINEER in the Contract Documents in connection with completion of the Work in accordance with the Contract Documents.

Article 4. CONTRACT TIMES

4.01 Time of the Essence

A. All time limits for Milestones, if any, Substantial Completion, and completion and readiness for final payment as stated in the Contract Documents are of the essence of the Contract.

4.02 Dates for Substantial Completion and Final Payment

   A.   The Base Bid Work will be substantially complete within 70 calendar days after the date when the Contract Time commences to run as provided in Paragraph 2.03 of the General Conditions, and will be completed and ready for final payment in accordance with Paragraph 14.07.B of the General Conditions within 80 calendar days after the date when the Contract Time commences to run.

   Bidder agrees that if Alternative Bid No. 1 is included in the Work, then Base Bid and Alternative Bid No. 1 Work will be substantially complete within 85 calendar days after the date when the Contract Time commences to run as provided in Paragraph 2.03 of the General Conditions, and will be completed and ready for final payment in accordance with Paragraph 14.07.B of the General Conditions within 95 calendar days after the date when the Contract Time commences to run.

4.03 Liquidated Damages

   A.   CONTRACTOR and OWNER recognize that time is of the essence of this Agreement and that OWNER will suffer financial loss if the Work is not completed within the times specified in Paragraph 4.02 above, plus any extensions thereof allowed in accordance with Article 12 of the General Conditions. The parties also recognize the delays, expense and difficulties involved in proving in a legal or arbitration proceeding the actual loss suffered by OWNER if the Work is not completed on time. Accordingly, instead of requiring any such proof, OWNER and CONTRACTOR agree that as liquidated damages for delay (but not as a penalty), CONTRACTOR shall pay to OWNER the following daily charge:

| Original Contract Amount | | Daily Charge |
|---|---|---|
| From More Than | To and Including | Calendar Day |
| $ | $   100,000 | $   500 |
| 100,000 | 500,000 | 800 |
| 500,000 | 1,000,000 | 1,000 |
| 1,000,000 | 3,000,000 | 1,200 |
| 3,000,000 | 5,000,000 | 1,500 |
| 5,000,000 |  | 2,000 |

The above liquidated damages shall be applied separately to each of the substantial and final completion dates as shown in Paragraph 4.02.

Article 5. CONTRACT PRICE

5.01 OWNER shall pay CONTRACTOR for completion of the Work in accordance with the Contract Documents an amount in current funds as follows:

***SIX HUNDRED TWELVE THOUSAND TWO HUNDRED FORTY FIVE DOLLARS AND 25/100—DOLLARS ($612,245.25)***

   A.   For all Work, at the prices stated in CONTRACTOR's Bid, attached hereto as an exhibit.

   B.   All specific cash allowances are included in the Contract Price and have been computed in accordance with Paragraph 11.02 of the General Conditions.

Article 6. PAYMENT PROCEDURES

6.01 Submittal and Processing of Payments

    A. CONTRACTOR shall submit Applications for Payment in accordance with Article 14 of the General Conditions. Applications for Payment will be processed by ENGINEER as provided in the General Conditions.

6.02 Progress Payments; Retainage

    A. OWNER shall make progress payments on account of the Contract Price on the basis of CONTRACTOR's Applications for Payment as established at the preconstruction conference during performance of the Work as provided in Paragraphs 6.02.A.1 and 6.02.A.2 below. All such payments will be measured by the schedule of values established in Paragraph 2.07.A of the General Conditions (and in the case of Unit Price Work based on the number of units completed) or, in the event there is no schedule of values, as provided in the General Requirements:

        1. Prior to Substantial Completion, OWNER will retain an amount equal to 5% of each progress payment application until 50% of the Work has been completed. At 50% completion, further progress payment applications shall be paid in full to the CONTRACTOR and no additional amounts will be retained unless the ENGINEER certifies to the OWNER that the job is not proceeding satisfactorily. Amounts previously retained shall not be paid to the CONTRACTOR until substantial completion of the Work. At 50% completion of the Work, or any time thereafter when the character and progress of the Work is not satisfactory to OWNER on recommendation of ENGINEER, additional amounts may be retained, but in no event shall the total retainage be more than 10% of the value of the work completed.

        2. Upon Substantial Completion, OWNER shall pay an amount sufficient to increase total payments to CONTRACTOR to 98% of the Work completed, less such amounts as ENGINEER shall determine in accordance with Paragraph 14.02.B.5 of the General Conditions and less 100% of ENGINEER's estimate of the value of Work to be completed or corrected as shown on the tentative list of items to be completed or corrected attached to the certificate of Substantial Completion.

6.03 Final Payment

    A. Upon final completion and acceptance of the Work in accordance with Paragraph 14.07 of the General Conditions, OWNER shall pay the remainder of the Contract Price as recommended by ENGINEER as provided in said Paragraph 14.07.

Article 7. HIERARCHY

7.01 In resolving inconsistencies among two or more sections of the Contract Documents, precedence shall be given in the following order:

| | |
|---|---|
| First: | WRITTEN AMENDMENTS |
| Second: | AGREEMENT |
| Third: | CHANGE ORDERS |
| Fourth: | ADDENDA |
| Fifth: | SUPPLEMENTARY CONDITIONS |
| Sixth: | GENERAL CONDITIONS |
| Seventh: | SPECIFICATIONS |
| Eighth: | DRAWINGS |

Figure dimensions (numerical) on Drawings shall take precedence over dimensions measured utilizing a scale.

Article 8. CONTRACTOR'S REPRESENTATIONS

8.01 In order to induce OWNER to enter into this Agreement, CONTRACTOR makes the following representations:

    A. CONTRACTOR has examined and carefully studied the Contract Documents and the other related data identified in the Bidding Documents.

    B. CONTRACTOR has visited the Site and become familiar with and is satisfied as to the general, local, and Site conditions that may affect cost, progress, and performance of the Work.

    C. CONTRACTOR is familiar with and is satisfied as to all federal, state, and local Laws and Regulations that may affect cost, progress and performance of the Work.

    D. CONTRACTOR has carefully studied (1) all reports of explorations and tests of subsurface conditions at or contiguous to the Site and all drawings of physical conditions in or relating to existing surface or subsurface structures at or contiguous to the Site (except Underground Facilities) which have been identified in the Supplementary Conditions as provided in Paragraph 4.02 of the General Conditions and (2) reports and drawings of a Hazardous Environmental Condition, if any, at the Site which has been identified in the Supplementary Conditions as provided in Paragraph 4.06 of the General Conditions.

    E. CONTRACTOR has obtained and carefully studied (or accepts consequences of not doing so) all additional or supplementary examinations, investigations, explorations, tests, studies, and data concerning conditions (surface, subsurface, and Underground Facilities) at or contiguous to the Site that may affect the cost, progress, or performance of the Work or which relate to any aspect of the means, methods, techniques, sequences, and procedures of construction to be employed by CONTRACTOR, including any specific means, methods, techniques, sequences, and procedures of construction expressly required by the Contract Documents and safety precautions and programs incident thereto.

    F. CONTRACTOR does not consider that any further examinations, investigations, explorations, tests, studies, or data are necessary for the performance of the Work at the Contract Price, within the Contract Times, and in accordance with the other terms and conditions of the Contract Documents.

    G. CONTRACTOR is aware of the general nature of work to be performed by OWNER and others at the Site that relates to the Work as indicated in the Contract Documents.

    H. CONTRACTOR has correlated the information known to CONTRACTOR, information and observations obtained from visits to the Site, reports and drawings identified in the Contract Documents, and all additional examinations, investigations, explorations, tests, studies, and data with the Contract Documents.

    I. CONTRACTOR has given ENGINEER written notice of all conflicts, errors, ambiguities, or discrepancies that CONTRACTOR has discovered in the Contract Documents, and the written resolution thereof by ENGINEER is acceptable to CONTRACTOR.

J.  The Contract Documents are generally sufficient to indicate and convey understanding of all terms and conditions for performance and furnishing of the Work.

Article 9. CONTRACT DOCUMENTS

The Contract Documents consist of the following:

9.01   Contents

1. This Agreement (pages 00520-1 through 00520-*10*, inclusive);

2. Performance bond (pages to 00600-1 through 00600-4, inclusive);

3. Payment bond (pages 00600-5 through 00600-8, inclusive);

4. Other bonds

   a. *N/A*      (pages *N/A*      to *N/A*      , inclusive);

   b. *N/A*      (pages *N/A*      to *N/A*      , inclusive);

   c. *N/A*      (pages *N/A*      to *N/A*      , inclusive);

5. General Conditions (pages 00700-1 through 00700-*41*, inclusive);

6. Supplementary Conditions (pages 00800-1 through 00800-*13*, inclusive);

7. Specifications as listed in the table of contents of the Project Manual;

8. Drawings—Sheets No. *1* through No. *30*

inclusive incorporated herein by reference with each sheet bearing the following general title:

***SECOND STREET RECONSTRUCTION-SIXTH AVENUE TO TENTH AVENUE, CONTRACT NUMBER 2-2008, VILLAGE OF NEW GLARUS, WISCONSIN***

as well as drawings listed in the table of contents that are bound at the back of these specifications.

9. Addenda (*NO. 1, DATED 1/8/2008; AND NO. 2, DATED 1/15/2008*).

10. Exhibits to this Agreement (enumerated as follows:)

   a. Notice to Proceed (pages *00550-1*, inclusive);

   b. CONTRACTOR's Bid (pages *00400-1* to *00400-12*);

   c. Supplemental Unit Prices are included as part of the Agreement except as noted:

   (*N/A*);

   d. Documentation submitted by CONTRACTOR prior to Notice of Award

   (*N/A*);

   e. (*N/A*);

11. The following may be delivered or issued on or after the Effective Date of the Agreement and are not attached hereto:

   a. Work Change Directives;
   b. Change Order(s).

B. The documents listed in Paragraph 9.01.A are attached to this Agreement (except as expressly noted otherwise above).

C. There are no Contract Documents other than those listed above in this Article 9.

D. The Contract Documents may only be amended, modified, or supplemented as provided in Paragraph 3.04 of the General Conditions.

Article 10. MISCELLANEOUS

10.01 Terms

A. Terms used in this Agreement will have the meanings stated in the General Conditions and the Supplementary Conditions.

10.02 Assignment of Contract

A. No assignment by a party hereto of any rights under or interests in the Contract will be binding on another party hereto without the written consent of the party sought to be bound; and specifically but without limitation, monies that may become due and monies that are due may not be assigned without such consent (except to the extent that the effect of this restriction may be limited by law), and unless specifically stated to the contrary in any written consent to an assignment, no assignment will release or discharge the assignor from any duty or responsibility under the Contract Documents.

10.03 Successors and Assigns

A. OWNER and CONTRACTOR each binds itself, its partners, successors, assigns and legal representatives to the other party hereto, its partners, successors, assigns and legal representatives in respect of all covenants, agreements, and obligations contained in the Contract Documents.

10.04 Severability

A. Any provision or part of the Contract Documents held to be void or unenforceable under any Law or Regulation shall be deemed stricken, and all remaining provisions shall continue to be valid and binding upon OWNER and CONTRACTOR, who agree that the Contract Documents shall be reformed to replace such stricken provision or part thereof with a valid and enforceable provision that comes as close as possible to expressing the intention of the stricken provision.

IN WITNESS WHEREOF, OWNER and CONTRACTOR have signed this Agreement in triplicate. One counterpart each has been delivered to OWNER, CONTRACTOR, and ENGINEER. All portions of the Contract Documents have been signed or identified by OWNER and CONTRACTOR or identified by ENGINEER on their behalf.

This Agreement will be effective on __March 7, 2008_____,
(which is the Effective Date of the Agreement).

OWNER   ***VILLAGE OF NEW GLARUS, WISCONSIN***

_Erwin L Zweifel_____ _President_____ NO SEAL (Seal)
                Signature and Title

ATTEST:

By: _Lynne R Ulb_____ _Clerk-Treasurer_____
              Signature and Title

By: _Nichda W Owen_____ _Administrator_____
              Signature and Title

Address for Giving Notices:

| | | |
|---|---|---|
| Name: | Hunt Contractors, Inc. | Village of New Glarus |
| Street: | PO Box 1429 | 319 - 2nd St |
| City, State, Zip Code: | Janesville WI 53547 | New Glarus WI 53574 |
| Phone: | 608-959-1773 | (608) 527-5971 |
| Facsimile: | 608-757-2124 | (608) 527-2062 |
| E-mail: | huntinc@yahoo.com | nowen@admin.vil.newglarus.wi.us |
| Designated Representative: | | Nicholas W. Owen, Administrator |

Section 00520-8
1-211-012/2-2008

CONTRACTOR    *HUML CONTRACTORS, INC.*

           _Robert J. Hunt [signature]_    NO SEAL (Seal)
           Robert J. Huml III   Signature and Title   President/Secretary

ATTEST:

By:   _[signature]_
      Dean C. Huml   Vice-President   Signature and Title

By:   _Linda L. Skillman [signature]_
      Linda L. Skillman   Signature and Title   Office Manager

**Address for Giving Notices:**

| | |
|---|---|
| Name: | Huml Contractors, Inc. |
| Street: | P.O. Box 1427 |
| City, State, Zip Code: | Janesville WI 53547 |
| Phone: | 608 757 1773 |
| Facsimile: | 608 757 2124 |
| E-mail: | humlinc@yahoo.com |
| Designated Representative: | Mike Murphy |
| License No.: | N/A |

(Where applicable)

(If CONTRACTOR is a corporation or a partnership, attach evidence of authority to sign.)

**Agency Concurrence:**

As lender or insurer of funds to defray the costs of this Contract, and without liability for any payments thereunder, the Agency hereby concurs in the form, content, and execution of this Agreement.

Agency: _____    By: _____

Date: _____    Title: _____

Approved as to form:

_____*Thomas J Vale*_____        _____*3/01/08*_____
OWNER's Attorney                                    Date

Provision has been made to pay the liability that will accrue under this Agreement:

Countersigned:

_____*[signature]*_____        _____*3-25-08*_____
OWNER's Comptroller or Treasurer              Date

## INSTRUCTIONS FOR EXECUTING CONTRACT

If the Agreement is to be signed by the Secretary of the corporation, the certificate below should be executed by some other officer of the corporation, under the corporate seal. In lieu of the foregoing certificate, there may be attached to the Agreement copies of so much of the records of the corporation which will show the official character and authority of the officers signing, duly certified by the secretary or assistant secretary under the corporate seal to be true copies.

The full name and business address of CONTRACTOR should be inserted and the Agreement should be signed with CONTRACTOR's official signature. Please have the name of the signing party printed under all signatures to the Agreement.

If CONTRACTOR is operating as a partnership, each partner should sign the Agreement. If the Agreement is not signed by each partner, there should be attached to the Agreement a duly authenticated power of attorney evidencing the signer's (signers') authority to sign such Agreement for and in behalf of the partnership.

If CONTRACTOR is an individual, the trade name (if CONTRACTOR is operating under a trade name) should be indicated in the Agreement and the Agreement should be signed by such individual. If signed by other than CONTRACTOR, there should be attached to the Agreement a duly authenticated power of attorney evidencing the signer's authority to execute such Agreement for and in behalf of CONTRACTOR.

If CONTRACTOR is a corporation, the following certificate should be executed:

I, __*Robert J. Hunt III*__, certify that I am the __*President/Secretary*__ Secretary of the corporation named as CONTRACTOR herein above; that __*Robert J. Hunt III*__, who signed the foregoing Agreement on behalf of CONTRACTOR was then __*President/Secretary*__ of said corporation; that said Agreement was duly signed for and in behalf of said Corporation by authority of its governing body, and is within the scope of its corporate powers.

_____*[signature]*_____

(Corporate Seal)  *Robert J. Hunt III*
*no seal*          *President/Secretary*

END OF SECTION